# EXHIBIT A

09/22/2006 11:49 FAX 916 85● ●01●       HACKARD & HOLT       ●● ●●       ☒009/043

1  Theodore J. Holt, SBN 148899
   David R. Zarka, SBN 103185
2  Alissa S. Holt, SBN 217005
   HACKARD & HOLT
3  11335 Gold Express Drive, Suite 105
   Gold River, CA 95670
4  Telephone: (916) 853-3000
   Facsimile: (916) 853-3010
5
6  Attorneys for Plaintiff
   KEVIN L. CHANEY
7
8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| 10 | Coordination Proceeding<br>Special Title (Rule 1550(b)) | JCCP No. 4247<br>**BC359104** |
| 11 | | Case No.:_____ |
| 12 | VIOXX® CASES | County of Origin: **SACRAMENTO**<br>Superior Court |
| 13 | KEVIN L. CHANEY, | |
| 14 | Plaintiff, | *(By Order of the Honorable Victoria G.*<br>*Chaney, the designated county of origin*<br>*shall be deemed, and is stipulated to be, the* |
| 15 | v. | *original county in which this case was*<br>*initially filed and pending for purposes of* |
| 16 | MERCK & COMPANY, INC., a<br>corporation; McKESSON | *removal under U.S.C. § 1441(a) and*<br>*potential trial venue.)* |
| 17 | CORPORATION, a corporation;<br>AMERISOURCEBERGEN DRUG | |
| 18 | CORPORATION, a corporation;<br>PFIZER, INC.; PHARMACIA | **COMPLAINT**: AMENDED NOTICE OF<br>ADOPTION OF VIOXX MASTER |
| 19 | CORPORATION; G.D. SEARLE LLC,<br>(FKA G.D. SEARLE & CO.); DOES 1 to | COMPLAINT (2005 Amended NOA) |
| 20 | 100; PHARMACEUTICAL<br>DEFENDANT DOES 101 to 200, and | Assigned to Honorable Victoria G. Chaney,<br>Department 324 |
| 21 | DISTRIBUTOR DEFENDANT DOES<br>201 to 300, inclusive, | |
| 22 | Defendants. | |

23  Plaintiff, KEVIN L. CHANEY, complains against Defendants, and each of them, and
24  alleges as follows:
25       Pursuant to the Court's Case Management Order No. 3: General Pre-trial Order and Case
26  Management Order No. 6: Order Regarding Direct Filing, Plaintiff, KEVIN L. CHANEY,
27  hereby adopts the Master Complaint, and any rulings or orders of the Court relating thereto:
28
                                              1

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M009624812

09/22/2006 11:49 FAX 916 85■■■01■     HACKARD & HOLT     ☒010/043

1. (a) <u>Causes of action and Parties alleged in the Master Complaint.</u> Plaintiff incorporates by reference each of the causes of action in the Master Complaint checked below:

- ☒ Strict Liability – Failure to Warn
- ☒ Negligence
- ☒ Negligence Per Se
- ☒ Breach of Implied Warranty
- ☒ Breach of Express Warranty
- ☒ Deceit by Concealment
- ☒ Negligent Misrepresentation
- ☒ Violation of Business & Professions Code § 17200
- ☒ Violation of Business & Professions Code § 17500
- ☐ Wrongful Death
- ☐ Survivor Action
- ☐ Loss of Consortium

(b) <u>Causes of Action and/or Parties not alleged in the Master Complaint.</u>

Plaintiff alleges additional causes of action and/or names additional parties not mentioned in the Master Complaint as follows: <u>NALINI MEHTANI, MD; PFIZER, INC.; PHARMACIA CORPORATION; and G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.). See attached.</u>

2. Plaintiff is a resident of the State of California, County of Sacramento. Plaintiff's injuries as alleged in this litigation occurred in the County of Sacramento, in the State of California.

3. Plaintiff ☒ is/ ☐ is not claiming damages for mental and/or emotional distress.

4. ☒ Plaintiff is an individual who ingested VIOXX®, CELEBREX and/or BEXTRA and who asserts claims for damages herein by complaining of the following injuries: <u>Including, but not limited to, Cerebrovascular Accident and related injuries.</u>

///

2

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M0096248l3

09/22/2006 11:49 FAX 916 8   HACKARD & HOLT   ☒011/043

1    ☐    Plaintiff is the spouse of _____, an individual who ingested VIOXX® and allegedly sustained personal injuries as a result.

☐    Plaintiff's decedent, _____, is an individual who ingested VIOXX® and allegedly sustained fatal injury as a result. The following plaintiffs and heirs of plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60:_____

☐    Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX® and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date:_____

5.    The Vioxx, Celebrex and/or Bextra ingested by plaintiff or decedent was purchased at the following pharmacies *(provide name and address of each pharmacy)*: <u>SACRAMENTO COUNTY PRIMARY CARE CLINIC, 4600 BROADWAY, SACRAMENTO, CALIFORNIA 95820</u>

6.    *(If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.)* Plaintiff claims that defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a)    What allegedly false statement(s) did defendants make to you or your doctor *(if doctor, state the name and address of the doctor)*?: <u>Plaintiff incorporates by reference each and every allegation set forth in Plaintiffs' Master Complaint as though fully set forth herein. In an effort to increase sales of the drug and improve profits, defendants concealed and misrepresented the safety of Vioxx and Celebrex by and through documents and pharmaceutical representatives. Defendants did not include accurate portrayals of the risks associated with Vioxx and Celebrex and concealed the serious cardiovascular and other risks of Vioxx and</u>

3

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M009624814

09/22/2006 11:49 FAX 916 8█████   HACKARD & HOLT   ☒012/043

1  Celebrex. Defendants knew of these adverse risks through clinical trials and adverse event
2  reports as well as other sources, yet did not divulge the information.
3      (b) State the name and job title of the individual(s) who made the above-
4  described statements to you or your doctor?: Plaintiff incorporates by reference each and every
5  allegation set forth in Plaintiffs' Master Complaint as though fully set forth herein. On
6  information and belief, defendants and defendants' sales representatives withheld and denied the
7  adverse health effects.
8      (c) When, and by what means (e.g., writing, oral statement, television,
9  Internet, etc.), were the above-described statements made to you or your doctor?: Plaintiff
10 incorporates by reference each and every allegation set forth in Plaintiffs' Master Complaint as
11 though fully set forth herein. On information and belief, written communications, oral
12 statements and other means were used to misrepresent the ill effects of Vioxx and Celebrex.
13 Defendants concealed the significant increases in adverse cardiovascular events among Vioxx
14 and Celebrex users in all means of communication.
15     (d) When, and how, did you or your doctor rely on the above-described
16 statements?: Plaintiff incorporates by reference each and every allegation set forth in Plaintiffs'
17 Master Complaint as though fully set forth herein. Plaintiff's doctor relied on the
18 misrepresentation and concealment by prescribing Vioxx and Celebrex as treatment. Plaintiff
19 relied on the misrepresentation by ingesting the dangerous drugs.
20     (e) If the above-described statements were false by virtue of defendants'
21 concealment of facts that were known by defendants, state the facts that were concealed and that,
22 if known by you or your doctor, would have prevented your alleged injury: Plaintiff incorporates
23 by reference each and every allegation set forth in Plaintiffs' Master Complaint as though fully
24 set forth herein. Defendant concealed the serious cardiovascular and other risks associated with
25 Vioxx and Celebrex. Defendant withheld findings from adverse event reports, clinical trials and
26 studies which showed statistically significant increases in cardiovascular events among Vioxx
27 and Celebrex users.
28

4

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M009624815

09/22/2006 11:49 FAX 916 85      HACKARD & HOLT                    ☒013/043

7. Plaintiff requests the relief checked below:

☒ Past and future general damages, according to proof.

☒ Past and future medical and incidental expenses, according to proof.

☒ Past and future loss of earnings and/or earning capacity, according to proof.

☒ Punitive and exemplary damages, where permitted by law.

☒ Damages for past and future mental and/or emotional distress, according to proof.

☐ Damages for past and future loss of consortium, according to proof.

☒ Costs of suit incurred herein.

☐ Injunctive relief (specify): _____

☒ Other (specify): ___For disgorgement of profits, according to proof, for attorneys fees and for such other and further relief as this Court deems just and proper.___

Dated: 9/21, 2006

HACKARD & HOLT

By: /s/ Alissa S. Holt
ALISSA S. HOLT
Attorneys for Plaintiff
KEVIN L. CHANEY

5

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.1 - 9/22/2006 11:52:26 AM

M009624816



**ADDENDUM TO SECTION 1(b)**

 

**1(b)   Causes of Action and/or Parties Not Alleged in the Master Complaint:**

Pursuant to Case Management Order No. 6: <u>Direct Filing and Adoption of Master Complaint</u>, subsection 2(c), Plaintiffs herein name the additional defendant parties listed below and allege each and every cause of action set forth in the Master Complaint adopted herein against said parties. Further, plaintiffs incorporate the following information as to the below-named defendants in support of their allegations against said defendants as if set forth in full in each and every cause of action of the Master Complaint:

### ADDITIONAL DEFENDANTS

PFIZER, INC. ("PFIZER"), a Delaware Corporation; PHARMACIA CORPORATION ("PHARMACIA"), a Delaware Corporation; G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.) ("SEARLE"), a Delaware Corporation; and DOES 301 to 400.

1. Defendant PFIZER is a Delaware corporation headquartered and with a principal place of business in New York, New York. On July 16, 2002, PFIZER announced its proposed acquisition of PHARMACIA. On April 16, 2003, PFIZER completed its $60 billion acquisition of PHARMACIA. As a wholly-owned subsidiary of PFIZER, PHARMACIA acted in all aspects as PFIZER's agent and alter ego. At all times relevant hereto, PFIZER, and/or its predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing, labeling, marketing, distributing, and promoting Cox-2 inhibiting drugs, including Celebrex and Bextra throughout the United States. Plaintiffs allege on information and belief that PFIZER does business in California and in Los Angeles County and, at all times relevant hereto, tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs Celebrex and Bextra.

2. PFIZER includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors, and assigns and their present officers, directors, employees, agents, representatives, and other persons acting on their behalf.

3. Defendant, PHARMACIA, is a Delaware corporation with its principal place of business in New Jersey. PHARMACIA was created in April 2000, through the merger of

Complaint: Amended Notice of Adoption
Addendum to Section 1(b)

 

Pharmacia & Upjohn with Monsanto Company and its G.D. SEARLE unit. PHARMACIA is now a wholly-owned subsidiary of PFIZER. At all times relevant hereto, PHARMACIA, and its predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing, labeling, marketing, distributing, promoting, and selling Cox-2 inhibiting drugs, including Celebrex and Bextra throughout the United States. Plaintiff alleges on information and belief that Pharmacia does business in California and in Los Angeles County and, at all times relevant hereto, it tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs Celebrex and Bextra.

4. Defendant G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), is a Delaware Corporation with its principal place of business in Illinois. In April 2000, SEARLE was acquired by PHARMACIA, and became a wholly-owned subsidiary of PHARMACIA. At the time of PFIZER's acquisition of PHARMACIA, SEARLE was a wholly-owned subsidiary of PHARMACIA, acting as its agent and alter ego in all matters alleged in this Complaint, and is now a wholly-owned subsidiary of PFIZER. At all relevant times hereto, SEARLE, and its predecessors in interest, were engaged in, inter alia, the business of testing, manufacturing, labeling, marketing, distributing, promoting, and selling Cox 2 inhibiting drugs, including Celebrex and Bextra throughout the United States. Plaintiff alleges on information and belief that Pharmacia does business in California and in Los Angeles County and, at all times relevant hereto, it tested, manufactured, labeled, marketed, distributed, promoted and sold the drugs Celebrex and Bextra.

5. Celecoxib was developed in 1998, by SEARLE and marketed jointly by SEARLE and PFIZER under the brand name, Celebrex. SEARLE was acquired by PHARMACIA, which was then acquired by PFIZER, in part so that PFIZER could take full control of Celebrex.

6. Defendant McKESSON CORP. (currently named in the Master Complaint adopted herein) packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or to inform users

Complaint: Amended Notice of Adoption
Addendum to Section I(b)




regarding the risks pertaining to, and assuaged concerns about the pharmaceutical drugs Celebrex and Bextra in and throughout the State of California, including Los Angeles County.

7. Plaintiffs are informed and believe, and based thereon allege, that in committing the acts alleged herein, each and every managing agent, agent, representative and/or employee of the defendant was working within the course and scope of said agency, representation and/or employment with the knowledge, consent, ratification and authorization of the Defendant and its directors, officers and/or managing agents.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 301 to 400, and each of them, are unknown to Plaintiffs, who therefore, sue said Defendant by such fictitious names. Plaintiffs will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same have been ascertained.

9. Plaintiffs are informed and believe and based thereupon allege that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in the Complaint.

10. At all times relevant to this action, Defendants, and each of them, intentionally, recklessly, and/or negligently concealed, suppressed, omitted and misrepresented the risks, dangers, defects and disadvantages of Cox-2 inhibiting drugs, including Celebrex and Bextra, and advertised, promoted, marketed, sold and distributed said drugs as a safe prescription medication when, in fact, Defendants had reason to know, and did know, that said drugs were not safe for its intended purposes, for the patients for whom it was prescribed and for whom it was sold; and that Celebrex and Bextra caused serious medical problems and, in certain patients, catastrophic injuries and death.

Complaint: Amended Notice of Adoption
Addendum to Section 1

 

11. In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants, or those Defendant's predecessors in interest.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTIONS

12. Defendants, PFIZER and PHARMACIA, fraudulently induced consumers to purchase their pharmaceutical drug Celebrex (also known as Celecoxib) and Bextra (also known as Valdecoxib) by advertising non-existing benefits and concealing and trivializing known deadly and life altering risks.

13. Celebrex and Bextra are selective Cox-2 inhibitors, non-steroidal anti-inflammatory drugs (NSAID). In December 1998, the FDA approved Celebrex to provide treatment of chronic and short-term pain. At the time it was the first of its kind on the market. Both before and after its approval, clinical trials showed that Celebrex could cause serious side effects unknown to most consumers and physicians. Despite this, Defendants did little if anything to alert physicians and consumers to the inherent risks of Celebrex.

14. In November 2001, the FDA approved Bextra to provide treatment of chronic short-term pain. After its approval, clinical trials showed that Bextra could cause serious side effects unknown to most consumers and physicians. Despite this, Defendants did little if anything to alert physicians and consumers to the inherent risks of Bextra.

15. Each of the defendants used overly aggressive marketing tactics in order to exaggerate the benefits provided by these NSAID drugs. In heavy competition with each other, Merck, PFIZER and PHARMACIA rushed through clinical trials to get the drugs onto the market. Defendants ignored flaws in the original clinical studies in hopes of gaining FDA approval. Defendants saturated the market with false, deceptive and fraudulent information and Vioxx, Bextra and Celebrex.

16. Like Merck, Defendants, PFIZER and PHARMACIA, engaged in false and deceptive advertising regarding Bextra and Celebrex. Though no testing of Celebrex had ever lasted over a year, Defendants nonetheless hailed it as a huge breakthrough. Defendants manipulated the information given to physicians to exaggerate Celebrex's benefits and to conceal

Complaint: Amended Notice of Adoption
Addendum to Section III C

 

1  its deadly risks through direct to consumer advertisements, press releases, promotional conference calls, sales pitches and traditional advertisements. Defendants reiterated Celebrex's health benefit claims to the medical community, but it did so without scientific justification. PFIZER and PHARMACIA conducted pseudo-scientific studies intended to deceptively justify Celebrex as safely providing the advertised benefits.

17. Further, Defendants specifically touted the benefits of Celebrex over other NSAIDs because it was easier on the gastrointestinal tract that prior NSAIDs such as ibuprofen (Motrin and Advil) or naproxen (Aleve). Despite the claim, Defendants have never conclusively demonstrated the gastrointestinal superiority of Celebrex over any NSAID.

18. After studies funded by Defendants, several study authors made claims to the Journal of American Medicine about Celebrex's benefits over older NSAIDs. These statements were later shown to be false. The authors, paid by Defendants, had made statements that the study ran six months rather than a full year. Further, the authors left out the ulcer problems that had occurred in the later half of the study. The Arthritis Advisory Committee to the FDA found that Defendants had not established a "clinically meaningful" safety advantage over NSAIDs and that the data from the study would not support a superiority claim.

19. In December, the National Cancer Institute stopped the treatment phase of a trial of Celebrex. The study, designed to see whether Celebrex protected against the recurrence of colon polyps, found that participants given the drug were at least 2 ½ times more likely to have heart attacks or strokes than those who were given a placebo.

20. Despite these specific studies showing that Celebrex could increase the risk of cardiovascular events and myocardial infarctions more so than other NSAIDS, Defendants continue to promote Celebrex as a healthy alternative to competitors like Vioxx and other NSAIDS. Defendants have yet to change their labeling on the drug to include these new warnings.

21. Most recently in a strict letter, the FDA warned the Pfizer Defendants that their television and print advertisements for Celebrex misled consumers. This letter set forth that five

Complaint: Amended Notice of Adoption
Addendum to Section 11 b

 

advertisements did not disclose side effects, and further went on to state that Defendants had made "unsubstantiated effectiveness claims" about Celebrex.

22. Twice in 2002, the Food and Drug Administration ordered Defendants to change their labeling information to include warnings of the potential and serious side effects of Bextra. At this point, PFIZER and PHARMACIA had continued to market the drug Bextra as being free of the side effects usually associated with non steroidal anti-inflammatory medications, despite any evidence of this allegation. Many clinical studies conducted after Bextra was put on the market indicated otherwise. Side effects such as cardiovascular events, myocardial infarctions, stomach disorders, intestinal bleeding and liver and kidney problems are just a few of the more serious side effects associated with the consumption of Bextra. Again, these side effects become more problematic with long term consumption of the drug and can occur without any warning whatsoever.

23. Despite defendants, PFIZER, PHARMACIA and McKESSON's blatant mislabeling and false advertising, there have been numerous adverse event reports and studies into side effects of Bextra and Celebrex. As is clear from the studies, these side effects have been consistently disregarded and minimized to both doctors and consumers. Defendants' desire to promote the growth of its product combined with market competition in the area fostered lack of information about Bextra and Celebrex.

24. Defendants, PFIZER and PHARMACIA continue to sell their drug Celebrex despite the increased and enormous risk this drug poses. At the FDA's urging Defendants withdrew Bextra from the market on April 7, 2005.

Complaint: Amended Notice of Adoption
Addendum to Section ...

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alissa S. Holt (SBN 217005)<br>HACKARD & HOLT<br>11335 Gold Express Drive, Suite 105<br>Gold River, CA 95670<br>TELEPHONE NO.: (916) 853-3000   FAX NO.: (916) 853-3010<br>ATTORNEY FOR (Name): Plaintiff, KEVIN CHANEY, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: KEVIN CHANEY, et al., v. MERCK & CO., INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | BC359104<br>JUDGE:<br>DEPT.: |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 1800-1812) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [X] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [X] is  [ ] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: SEPTEMBER 20, 2006

ALISSA S. HOLT
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

Martin Dean's
ESSENTIAL FORMS™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

M009624824

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KEVIN CHANEY, et al., v. MERCK & CO., INC., et al. | BC359104 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 40   [ ] HOURS/ [X] DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and; to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in item III; complete item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |
| Intellectual Property (19) | [ ] A6016  Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

M009624825

SHORT TITLE: KEVIN CHANEY, et al., v. MERCK & CO., INC., et al.   CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

M0096924826

SHORT TITLE: KEVIN CHANEY, et al., v. MERCK & CO., INC., et al.      CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☒ A6006 | Claims Involving Mass Tort | 1., ②, 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms TM

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 3 of 4

M009624827

| SHORT TITLE: | ● | ● SE NUMBER |
|---|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS:<br>CMO NO. 6: Direct Filing and Adoption of Master Complaint |
|---|---|
| CITY:         STATE:         ZIP CODE: | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   Stanley Mosk   courthouse in the   Central             District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: September 20, 2006

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
ALISSA S. HOLT

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



CIV 109 03-04 (Rev. 03/06)
LASC Approved
Martin Dean's Essential Forms ™         CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION         LASC, rule 2.0
Page 4 of 4

M009624828