# EXHIBIT J



Not Reported in F.Supp.2d                                                                                                       Page 1
Not Reported in F.Supp.2d, 2002 WL 31852826 (S.D.N.Y.), Prod.Liab.Rep. (CCH) P 16,506
**(Cite as: 2002 WL 31852826 (S.D.N.Y.))**

H

**Motions, Pleadings and Filings**

United States District Court,
S.D. New York.
In re: REZULIN PRODUCTS LIABILITY
LITIGATION (MDL No. 1348)
**No. 00 Civ. 2843(LAK).**

Dec. 18, 2002.

Diabetes patients who had used prescription medication later withdrawn from market brought multiple personal injury actions against drug's manufacturer, pharmacies, physicians, and others. Actions were removed on diversity grounds, then consolidated for pretrial proceedings by Multidistrict Litigation panel. On reconsideration of its initial denial of patients' remand motions, 2002 WL 31507635, the District Court, Kaplan, J., held that: (1) plaintiffs asserting claims against non-diverse defendants were misjoined with other plaintiffs, and (2) plaintiffs failed to state claim against non-diverse physician defendants.

Motions denied.

See also 168 F.Supp.2d 136.

West Headnotes

**[1] Removal of Cases** ⚖️36
334k36 Most Cited Cases
Where removing party contends that joinder of non-diverse party is fraudulent because that party's claim is insufficient as matter of law, that party's citizenship will be disregarded only where there is no reasonable possibility that relevant state's highest court would uphold sufficiency of complaint. 28 U.S.C.A. § 1332.

**[2] Federal Civil Procedure** ⚖️387.1
170Ak387.1 Most Cited Cases
Plaintiffs asserting personal injury claims against non-diverse prescribing physicians in connection with diabetes drug later withdrawn from market and toxic tort claims against diverse manufacturer were misjoined with tort claims asserted by other plaintiffs who did not have patient relationship with physicians in question. Fed.Rules Civ.Proc.Rule 20(a), 28 U.S.C.A.

**[3] Health** ⚖️813
198Hk813 Most Cited Cases
Under Mississippi law, diabetes patients' conclusory allegation that physicians failed to warn them of risks of taking drug was insufficient to provide physicians adequate notice of claim; there was no allegation as to whether failure was to warn of concealed risks, known risks, or both, and how and when physicians came to be aware of any such risks.

**[4] Removal of Cases** ⚖️107(4)
334k107(4) Most Cited Cases
Federal court, in deciding motion to remand removed case, must look to allegations in complaint, rather than to plaintiffs' wishful speculation as to what allegations might be made in amended complaint following discovery.

PRETRIAL ORDER NO. 121

KAPLAN, J.

*1 This Document Relates to: 02 Civ. 4568, 02 Civ. 4569

(Motion to Remand in *Blakeney* and *Kaho--*
Reconsideration)
On November 12, 2002, this Court adopted the report and recommendation of Magistrate Judge Katz with respect to plaintiffs' motion to remand in these actions, noting that no objections had been filed. It subsequently has come to the Court's attention that objections were timely filed, although the Clerk's office failed to docket them until November 14, 2002. In view of the Clerk's office's failure, the Court treats the objections as embracing a motion for reconsideration, grants that motion, and considers the objections *de novo*.

[1] As this Court held in *Rezulin I*, a claim of fraudulent joinder will prevail only if the removing defendant "demonstrate[s], by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings that a plaintiff can state a cause of action against the non-diverse defendants in state court." [FN1] It went on to hold, however, that where the removing party contends that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 31852826 (S.D.N.Y.), Prod.Liab.Rep. (CCH) P 16,506
**(Cite as: 2002 WL 31852826 (S.D.N.Y.))**

joinder of a non-diverse party is fraudulent because the claim is insufficient as a matter of law, the citizenship of the non-diverse party will be disregarded only where there is no "reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it." [FN2] While Judge Katz quoted only the second of these passages, plaintiffs' contention that he did not apply the correct standard in reaching his recommendation is without merit. Their further suggestion that the rule he applied would "allow ... judges sitting in motion hearings to decide the reasonableness of the Plaintiffs' claims" and that this would be "tantamount to ... granting a Rule 56 Motion without being presented with any evidence from either side" (Obj. at 3) borders on the preposterous. All that this Court, or Judge Katz, has said is that where the propriety of considering the citizenship of a non-diverse party turns on the sufficiency of the claim against it as a matter of state law, that citizenship will be considered unless there is no reasonable possibility that the state court would uphold the sufficiency of the complaint. Plaintiffs offer no responsible basis for supposing that the law is otherwise. Indeed, their assertion that the non-diverse party's citizenship should matter as long as there is *any possibility,* no matter how small, that a state court would approve the legal sufficiency of the claim against it was flatly rejected in *Rezulin I* for reasons that continue to make perfect sense. [FN3]

> FN1. *In re Rezulin Prods. Liab. Litig.,* 133 F.Supp.2d 272, 279-80 (S.D.N.Y.2001) (internal quotation marks and footnote omitted).
>
> FN2. *Id.* at 280.
>
> FN3. *Id.* at 280 n. 4.

[2] With respect to plaintiffs' claim that the presence of non-diverse physician defendants defeats diversity, Judge Katz found that, in each action, the physician-defendant is alleged to have treated only one of the plaintiffs. Thus, Judge Katz recommended that the motions for remand of all plaintiffs except Jonnie S. Newell and Juanita Kaho, the two plaintiffs who pled a physician-patient relationship, be denied. This recommendation was appropriate because the plaintiffs with patient relationships with defendant physicians are misjoined with the other plaintiffs. [FN4]

> FN4. *See In re Rezulin Prods. Liab. Litig.,* 168 F.Supp.2d 136, 148 (S.D.N.Y.2001) ("*Rezulin II*").

*2 There is one respect, however, in which the Court finds merit in plaintiffs' objections, although the motions to remand ultimately should be denied. Judge Katz recommended that the motions to remand of the two plaintiffs who allege a physician-patient relationship with the defendant physicians be denied because, given the plaintiffs' allegation that the pharmaceutical representatives "fraudulently represented to physicians ... [that] the drug was in fact safe," the physicians could not have breached any duty to warn patients of a risk of which they were not aware. He therefore found that there was no reasonable possibility that the plaintiffs could recover under state law.

This Court reaches the same conclusion, albeit by a different path. The fact that plaintiffs' pleadings may be inconsistent is not fatal. Parties may plead in the alternative and inconsistently pursuant to Fed. R. Civ. P. 8(e)(2). [FN5] In any case, each plaintiff's assertion that his or her physician breached his "duty to warn patients of known risks of taking the drug Rezulin" [FN6] is not necessarily refuted by other allegations in the complaints that pharmaceutical representatives "falsely and fraudulently represented to physicians ... [that] the drug was in fact safe ... when the Defendants knew or should have known that Rezulin was unsafe." [FN7] For example, these allegations are not inconsistent to the extent that any failure to warn related to information contained in the Rezulin package inserts. [FN8]

> FN5. These cases were commenced in Mississippi state courts. As Miss. R. Civ. P. 8 is substantially identical to Fed. R. Civ. P. 8, there is no need to determine which governs here.
>
> FN6. Blakeney Cpt. ¶ 39; Kaho Cpt. ¶ 25.
>
> FN7. Blakeney Cpt. ¶ 58(c); Kaho Cpt. ¶ 45(c). Plaintiffs are cautioned, however, that "[t]he right to plead alternatively or hypothetically does not sanction deviations from the obligation to plead comprehensibly. Indeed, it is in the context of alternative and hypothetical pleading that a party must exercise the greatest care so as not to transgress the requirement in Rule 8(e)(1) of simple, direct, and concise pleading." 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1282, p. 532 (1990).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2002 WL 31852826 (S.D.N.Y.), Prod.Liab.Rep. (CCH) P 16,506
**(Cite as: 2002 WL 31852826 (S.D.N.Y.))**

FN8. Under Mississippi law, a package insert is "some evidence of the standard of care." *Thompson v. Carter*, 518 So.2d 609, 613 (Miss.1987).

[3] Nevertheless, plaintiffs' claims against the physician defendants fail for the fundamental reason that they do not provide the physician defendants sufficient notice of the claims against them. Although pleading standards were relaxed with the adoption of the Federal Rules of Civil Procedure and their substantial codification by Mississippi and other states, a pleading nevertheless must "advise the other party of the event being sued upon." [FN9] Furthermore, the appropriate level of generality for a pleading varies depending upon the nature of the claim at issue. [FN10] In these cases, and hundreds of others like them that have been consolidated here for pretrial proceedings by the Judicial Panel on Multidistrict Litigation, the main tenor of plaintiffs' complaints is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others. In this context, an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin is insufficient. [FN11] The pleadings shed no light on such matters as whether the defendant physicians allegedly failed to warn of concealed risks, known risks, or both, and how and when the physicians came to be aware of any such risks. Absent such information, plaintiffs cannot be said to have provided the defendant physicians adequate notice of the claims against them. [FN12]

FN9. 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1202, at 69 (1990).

FN10. 5 *id.* § 1218, at 185.

FN11. *See, e.g., Rodriguez v. Beechmont Bus Svce., Inc.*, 173 F.Supp.2d 139, 145 (S.D.N.Y.2001) ("Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are insufficient as a matter of law."); *Strickland v. Brown Morris Pharmacy Inc.*, Civ. A. No. 96-815, 1996 WL 537736, at *2 (E.D.La. Sept.20, 1996) (conclusory allegations that defendant knew or should have known that drug was dangerous do not warrant remand).

FN12. *Strickland*, 1996 WL 537736, at *2.

Nor are plaintiffs incapable of providing clearer notice of their claims against the physician defendants. Plaintiffs know when they were treated by the physicians, what the physicians told them, and what information concerning the risks of Rezulin was available to medical professionals at the relevant time. But they have not included any such information in their complaints.

*3 [4] Plaintiffs' argument that their motions to remand should be granted because future discovery may reveal more information about the relationship between the physicians and the manufacturers has no merit. As this Court previously has stated, "a court in deciding a motion to remand must look to the allegations in the complaint, rather than to plaintiffs' wishful speculation as to what allegations might be made in an amended complaint following discovery." [FN13] Accordingly, there is no reasonable possibility, based on the pleadings, that plaintiffs Newell and Kaho will succeed with their medical malpractice claims against the nondiverse physicians.

FN13. *Rezulin II*, 168 F.Supp.2d at 141.

Plaintiffs' complaints can be construed to plead additional claims against the physicians for negligent misrepresentation and breach of warranty. Plaintiffs' negligent misrepresentation claims are insufficient because, having alleged fraudulent intent, plaintiffs must comply with Rule 9(b). [FN14] Furthermore, plaintiffs have failed to allege, as Mississippi law requires, that a misrepresentation was made to them, as opposed to others. [FN15] Plaintiffs' breach of warranty claims, alleged against the "defendants" in general, likewise fail against the physicians because plaintiffs do not allege that the physicians sold Rezulin or were "merchant[s] with respect to goods of that kind," as is required for liability under Mississippi's Uniform Commercial Code. *Rezulin I*, 133 F.Supp.2d at 286 (quoting Miss.Code Ann. § 75-2-314).

FN14. *Rezulin I*, 133 F.Supp.2d at 285.

FN15. *Id.* at 285-6 (citing *Armona v. Smith*, 749 So.2d 63, 67 (Miss.1999)).

Finally, the Court notes that plaintiffs, correctly, do not quarrel with Judge Katz's conclusions regarding the pharmacy defendants. As for the pharmacy representative defendants, plaintiffs' objections are without merit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 4
Not Reported in F.Supp.2d, 2002 WL 31852826 (S.D.N.Y.), Prod.Liab.Rep. (CCH) P 16,506
**(Cite as: 2002 WL 31852826 (S.D.N.Y.))**

The plaintiffs' motions to remand are denied.

SO ORDERED.

Not Reported in F.Supp.2d, 2002 WL 31852826 (S.D.N.Y.), Prod.Liab.Rep. (CCH) P 16,506

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2973888 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as to Claims for Certain Side-Effects Warned About in the Adverse Reactions Table of the Rezulin Labeling (Jan. 06, 2004)

• 2003 WL 23951442 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims Asserted by Plaintiff Orlean Maxwell (Nov. 07, 2003)

• 2003 WL 23951439 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment as to Non-Liver-Related Claims (Aug. 07, 2003)

• 2001 WL 34133949 (Trial Filing) Pretrial Order No. 19 (May. 14, 2001)

• 2001 WL 34133975 (Appellate Petition, Motion and Filing) Pec%7Ds Petition for an Order Securing an Equitable Allocation of Counsel Fees and Costs for Common Benefit Work (May. 14, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.